UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Clinton Bedell,

      Petitioner,

      v.                                 Civil Action No. 5:18-cv-46-gwc-jmc

Lisa Menard,

      Respondent.

**REPORT AND RECOMMENDATION**
(Docs. 10, 17, 19, 20, 21, 23, 24, 26, 30)
**AND ORDER**
(Docs. 15, 16, 22, 25, 39)

Petitioner Clinton Bedell, proceeding *pro se*, has filed a petition pursuant to 28 U.S.C. § 2254 seeking to vacate his conviction for the sexual assault of a child. (Doc. 5.) Respondent Lisa Menard has filed a Response. (Doc. 27.) Presently before this Court are numerous dispositive and non-dispositive motions filed by Bedell, several of which are unintelligible. For the reasons set forth below, I recommend that the dispositive motions filed by Bedell be DENIED. (Docs. 10, 17, 19, 20, 21, 23, 24, 26, 30.) With regard to Bedell's non-dispositive motions, (*see* Docs. 15, 16, 22, 25, 39), the Court DENIES the motions for the reasons articulated below. The Court has requested briefing on the application of the one-year statute of limitations governing habeas cases under 28 U.S.C. § 2244(d) and that supplemental briefing has recently been submitted. (Docs. 34, 35.) Accordingly,

Bedell's underlying habeas corpus petition will remain pending for further consideration.

## Factual and Procedural Background

On February 4, 1998, Bedell pleaded guilty in Washington County Superior Court to sexual assault of a minor after impregnating his daughter. (Docs. 27-15, 27-16.) The Vermont Supreme Court affirmed his conviction on direct appeal. *State v. Bedell*, No. 1999-115 (Vt. Nov. 24, 1999) (unreported. mem.). Bedell unsuccessfully sought reconsideration of his sentence in state court in March 2000, which the trial court denied in December 2000. *See State v. Bedell*, Nos. 2002-244, 2003-047, 2003 WL 25745982, at *1 (Vt. April 1, 2003) (unreported mem.). In May 2002, more than two years after his original judgment of conviction was affirmed on appeal, Bedell filed a second motion for reconsideration as well as a habeas corpus petition, both of which the trial court denied, and these denials were affirmed on appeal in 2003. *Id.* at *2; *see also In re Bedell*, No. 2006-519, 2007 WL 5313337 (Vt. April 1, 2007) (unreported mem.). Subsequently, in July 2009, Bedell filed a complaint in superior court pursuant to Vermont Rule of Civil Procedure 75. *Bedell v. Washington Cty. State's Attorney*, No 2009-341, 2010 WL 716111 (Vt. Feb. 25, 2010) (unreported mem.). The trial court dismissed the complaint, finding it unintelligible. *Id.* at *1. The Vermont Supreme Court affirmed the dismissal on appeal. *Id.* It also appears that Bedell has sought other collateral relief in state court. *See, e.g., Bedell v. State of Vermont*, No. 585-9-15 Wncv, 2016 WL 10860906 (Vt. Super. Ct. Dec. 6, 2016); (*see also* Doc. 27-4; Doc. 27-5).

2

In his current habeas petition before this Court, Bedell challenges his conviction under Vt. Stat. Ann. tit. 13, § 3252(b)(2), arguing in opaque language that his conviction should be invalidated because he is a "fundamentalist Mormon with a belief" in polygamy who legally married his daughter and, alternatively, because his plea was involuntary due to insanity. (Doc. 5 at 1–2.) As noted above, Menard has filed a response to the petition, (Doc. 27), and the parties have submitted supplemental briefing. (Docs. 34, 35.)

I.  **Bedell's Dispositive Motions**

   A.  **Motion for Preliminary and Permanent Injunction**

In his first dispositive motion, Bedell moves for a preliminary and permanent injunction. (Doc. 10.) Although difficult to understand precisely what he seeks to be enjoined, Bedell appears to assert in his motion that he has a constitutional right to engage in polygamy and intimate relations with his daughter. *Id.* He apparently pursues a judicial endorsement of this perceived right. *Id.* Based on the following, I recommend that his motion be DENIED.

A preliminary injunction is considered an "extraordinary" remedy that should not be granted as a routine matter. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990); *Hanson Trust PLC v. ML SCM Acquisition, Inc.,* 781 F.2d 264, 273 (2d Cir. 1986) (observing preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies"); *Medical Soc'y of the State of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977) (stating preliminary injunction is "an

extraordinary and drastic remedy[,] which should not be routinely granted"). For a court to grant a preliminary injunction, black-letter law dictates that

> the party seeking a preliminary injunction must establish that: (1) absent injunctive relief, it will suffer an irreparable injury; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips in favor of the movant.

*Alliance Bond Fund, Inc. v. Grupo Mexicano de Desarrollo*, S.A., 143 F.3d 688, 696 (2d Cir.1998); *see also Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir.1997). The standards governing the issuance of a permanent injunction are essentially the same as for a preliminary injunction, except that the plaintiff must demonstrate "actual success" on the merits for the Court to issue a permanent injunction. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987).

Here, Bedell cannot satisfy the standard for either the issuance of a preliminary injunction or permanent injunction because his likelihood of success on the merits is minimal at best. As the Vermont Superior Court has stated, there is simply no constitutional right of a father to engage in any sexual relationship with his child or to marry his daughter. *Bedell v. State of Vermont*, No. 585-9-15 Wncv, 2016 WL 10860906 (Vt. Super. Ct. Dec. 6, 2016); Vt. Stat. Ann. tit. 15, § 1a. Further, the Supreme Court has specifically upheld, over free exercise of religion claims, the criminal prohibition of polygamy as applied to Mormons. *Reynolds v. United States*, 98 U.S. 145, 161–67 (1878). Accordingly, Bedell's Motion for a

4

Preliminary and Permanent Injunction should be DENIED because he has not established the likelihood of success on the merits.

### B.     Motion for Judgment on the Pleadings

Next, Bedell moves for judgment on the pleadings. (Doc. 24.) Like his other motions, the basis of the motion is difficult to discern, but Bedell again appears to generally assert the same constitutional rights he claims in his underlying habeas petition. (*See generally id.*) In any case, judgment on the pleadings is inappropriate because the Rules Governing Section 2254 Cases do not contemplate such a motion. *See generally* 28 U.S.C. § 2254 Habeas Rules 1–12. Although the Court may apply the Federal Rules of Civil Procedure when appropriate, *id.* Habeas Rule 11, Bedell's motion seeks no greater relief than that he seeks in the underlying habeas petition. Because the Habeas Rules do not contemplate a motion for judgment on the pleadings and because Bedell appears to seek the same relief as his underlying habeas petition, the Court should deny the motion as improvidently filed in this habeas action. *Jones v. Quarterman*, No. 3:07-CV-1984-P, 2008 WL 4602720 (N.D. Tex. Oct. 14, 2008). Accordingly, Bedell's motion for judgment on the pleadings (Doc. 24) should be DENIED.

### C.     Motion for Default Judgment

Bedell also moves for a default judgment. (Doc. 26.) Menard has filed a timely response to the habeas petition and therefore the motion for a default judgment should be denied. (*See* Doc. 27); *see* Fed. R. Civ. P. 55(a). But even if Menard's response was found to be untimely—which it is not—a default judgment is

5

not the proper remedy for a respondent's failure to timely answer a habeas petition. *See McNally v. O'Flynn*, No. 09-CV-621S(F), 2010 WL 891151, at *2 (W.D.N.Y. Mar. 10, 2010) ("Even if the Court were to determine that Respondent was in default for failure to timely file his responsive pleading, relevant Second Circuit precedent precludes the Court from granting a habeas petitioner's motion for default judgment based on respondent's failure to file his answer on time."). In other words, notwithstanding a respondent's default, "there is [a] presumption" in habeas cases "that the state court judgment, pursuant to which [the petitioner] has been imprisoned, is valid until there is some showing that by constitutional standards it is not." *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984). Accordingly, Bedell's Motion for a Default Judgment should be DENIED.

### D. Motion for Directed Verdict

Bedell's motion for directed verdict, (Doc. 30), is clearly premature as no trial has been held. *See* Fed. R. Civ. P. 50(a)(2) (stating judgment as a matter of law may be granted "[i]f a party has been fully heard on an issue during a jury trial"). It too should be DENIED.

### E. Motion to Amend the Petition

Bedell also moves to amend his habeas petition. (*See* Doc. 19 at 2.) As an initial matter, Bedell fails to include a proposed Amended Petition with his motion as required by Rule 15(a) of this Court's Local Rules of Procedure, D. Vt. L.R. 15(a), preventing respondents from knowing exactly what amendment the court is allowing if the motion is granted. *See Wool v. Pallito*, No. 2:11-cv-169, 2012 WL

6

1952990, at *8 (D. Vt. May 30, 2012). Moreover, it again appears that Bedell seeks to add claims of "sexual privacy" and a constitutional right to engage in "procreation" with his daughter, claims which are similar to those already asserted in his pending habeas petition and which do not implicate a constitutional right. (Doc. 19 at 2); *Reynolds*, 98 U.S. at 161–67. Although Fed. R. Civ. P. 15(a)(2) states that leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), a court may deny leave to amend where the amended pleading would be "futil[e]." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis. *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied."). Accordingly, the motion to amend the petition (Doc. 19) should be DENIED as duplicative and futile.

### F. Motion to Recognize a Due Process Liberty and Motion to Allow Further Findings of Fact and Conclusions of Law

Likewise, in his Motion to Recognize a Due Process Liberty and Motion to Allow Further Findings of Fact and Conclusions of Law, Bedell effectively seeks to amend his petition to add a due process claim and to supplement his habeas petition with additional facts. (*See generally* Docs. 20, 21.) As a legal basis for these motions, he once again asserts a constitutional right to engage in "intimate choices" with his wife and daughter. (Doc. 21 at 1; Doc. 20 at 2, ¶ 2.) As noted above, criminal prosecution for polygamy and incest does not violate the constitution, *Reynolds*, 98 U.S. at 161–67, rendering his proposed amendments

futile. *Health-Chem Corp.*, 915 F.2d at 810. Further, his claims in both motions have been previously asserted in his habeas petition. (Doc. 19 at 2.) As a result, the motion should be DENIED as duplicative and futile.

### G. Motion to Amend Petition to Add RLUIPA Claim

Bedell has also moved to add a claim involving the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc–2000cc-5. (Doc. 17.) As with his previous motions, allowing an amendment would be futile because Bedell fails to state a claim under RLUIPA.

RLUIPA prohibits governments from "impos[ing] a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability," unless the burden furthers "a compelling government interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc–1(a)(1)–(2). This prohibition applies to any "program or activity that receives Federal financial assistance," *id.* § 2000cc-1(b)(1); however, RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities. *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014). Instead, RLUIPA only authorizes prospective relief. *Id.*; *see also Russell v. Pallito*, Case No. 5:15-cv-126, 2017 WL 1093187, at *10 (D. Vt. Mar. 23, 2017) ("RLUIPA provides prospective relief only.").

In his motion, Bedell accuses a host of state officials—including Respondent Menard—of violating his religious beliefs in "fundamentalist Mormon polygamy" and seeks injunctive relief against "all branches of state and federal government."

(Doc. 17 at 1.) But he does not identify any program or activity prospectively responsible for imposing a burden on his ability to practice polygamy in prison, let alone a substantial burden. *Harnett v. Barr*, 538 F. Supp. 2d 511, 520 (N.D.N.Y. 2008) ("Under RLUIPA, the plaintiff bears the burden of showing that his religious exercise has been burdened and that the burden is substantial."). Indeed, the majority of his motion focuses on the circumstances surrounding his original conviction and the alleged deprivation of his religious rights by individual officials other than Menard. (*See generally* Doc. 17.) Given that Bedell has failed to allege sufficient facts supporting his claim under RLUIPA, his proposed amendment is futile. *Health-Chem Corp.*, 915 F.2d at 810.

Thus, I recommend that his Motion to Amend Petition to Add RLUIPA Claim be DENIED.

### H.  Motion for Nominal Damages

In his final dispositive motion, Bedell moves for the imposition of "nominal damages." (Doc. 23.) But the motion is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (footnote omitted). Put simply, until Bedell proves that his original conviction has been reversed or declared invalid, he cannot seek damages for his

purportedly unlawful conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence.") Accordingly, his motion to add a claim for damages should be DENIED.

## II.   Non-Dispositive Motions

Bedell has filed five non-dispositive motions, (Docs. 15, 16, 22, 25, 39), each of which is DENIED for the reasons set forth below.

The first motion, styled as a Motion to Consider Persuasive Case Law, (Doc. 15), is unnecessary. Although Bedell does not identify what case law he seeks to have the Court consider, the Court is bound to apply the law as interpreted by the Supreme Court and the Court of Appeals. Therefore, the motion (Doc. 15) is DENIED as unnecessary.

Bedell has also filed a Motion for Three Judge Panel Review. (Doc. 25.) Therein, Bedell appears to raise claims regarding his medical care while incarcerated. (*Id.* at 1.) Regardless, the Rules Governing § 2254 Cases in the United States District Courts do not contemplate the appointment of a three-judge panel to consider § 2254 habeas petitions. *See generally* 28 U.S.C. § 2254 Habeas Rules 1–12. Accordingly, the motion (Doc. 25) is DENIED.

Finally, Bedell has filed three motions for the appointment of counsel. (Docs. 16, 22, 39.) There is no constitutional right to appointed counsel when a person convicted of a crime brings a collateral attack upon his conviction or sentence. *See*

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Consequently, as in any civil case, the decision as to whether or not to assign counsel lies clearly within the court's discretion. *See In re Martin Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered by the court when considering the appointment of counsel include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). The court must look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona*, 243 F.3d at 632 (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Under § 2254, a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

11

the Supreme Court of the United States[,]" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000). "[C]learly established Federal law" "refers to the holdings, as opposed to the dicta," of the Supreme Court's decisions "as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). And a state-court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law," or decides a case differently than the Supreme Court on "materially indistinguishable" facts. *Williams*, 529 U.S. at 405. Relief is appropriate under the "unreasonable application" clause of § 2254(d)(1) "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Federal courts considering petitions brought under § 2254 must give the state court's adjudication "a high degree of deference," *Yung v. Walker*, 341 F.3d 104, 109 (2d Cir. 2002) (citing *Brown v. Artuz*, 283 F.3d 492, 497 (2d Cir. 2002)), and the state court's "determination of . . . factual issue[s] . . . shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (observing that standard under § 2254 is "difficult to meet" and "demand[ing] that state-court decisions be given the benefit of the doubt" (internal quotation

12

marks omitted)).  The petitioner has the burden of rebutting this presumption of the state court's correctness by "clear and convincing evidence."  *Yung*, 341 F.3d at 109.

Given these standards it is clear that Bedell's claims are not compelling.  The Vermont Supreme Court upheld his conviction on appeal, *Bedell*, No. 1999-115, and Bedell has no right to engage in sexual relations with his child or to marry his daughter.  *See* Vt. Stat. Ann. tit. 15, § 1a; *Bedell*, 2016 WL 10860906.  I am unaware at this stage of the proceedings of any contrary authority and, as set forth above, the Supreme Court has specifically upheld the criminal prohibition of polygamy as applied to Mormons.  *Reynolds*, 98 U.S. at 161–67.  Moreover, Bedell's claims are of a constitutional nature and thus there is no reason to believe a need for cross-examination will be implicated.  Finally, Bedell's habeas petition may be barred by the one-year statute of limitations governing habeas petitions found at 28 U.S.C. § 2244(d).  For these reasons, Bedell's motions for appointment of counsel are DENIED.  (Docs. 16, 22, 39.)

## Conclusion

Based on the foregoing, I recommend that the motions that have been docketed as Docs. 10, 17, 19, 20, 21, 23, 24, 26, and 30 be DENIED.  The motions docketed as Docs. 15, 16, 22, 25, 39 are DENIED for the reasons set forth herein.

Dated at Burlington, in the District of Vermont, this 31st day of July 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

13

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).