U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 MAR 26 PM 2: 20

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CLINTON BEDELL,  )
  )
Petitioner,  )
  )
v.  )  Case No. 5:18-cv-46
  )
LISA MENARD,  )
  )
Respondent.  )

**ENTRY ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DENYING MOTIONS
FOR PRELIMINARY INJUNCTION AND SUMMARY JUDGMENT**
(Docs. 5, 40, 48, 57, 60)

In March 2018, petitioner Clinton Bedell filed a petition for writ of habeas corpus under 18 U.S.C. § 2254. (Doc. 5.) The case was automatically referred to United States Magistrate Judge John Conroy pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73(f). The Petitioner is self-represented.

In addition to the § 2254 habeas petition, Petitioner filed a letter seeking a transport order and requesting the court order his transport to a Vermont prison. (Doc. 40.) On October 2, 2018, the magistrate judge issued his Report and Recommendation concerning the habeas petition and motion for transport order. The magistrate judge recommended denial of both motions. (Doc. 48.) Under Federal Rule of Civil Procedure 72, Petitioner's objection was signed on October 28, 2018. (Doc. 50.) On February 13, 2019, Petitioner filed a Motion for Preliminary Injunction (Doc. 57) to which Respondent Lisa Menard did not respond, and, on February 27, 2019, he filed a Motion for Summary Judgment (Doc. 60). Menard's response to the summary judgment motion is due April 1, 2019.

1

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

The magistrate judge determined that Petitioner's habeas petition is barred by the statute of limitations (Doc. 48 at 11-16) and, alternatively, it fails to establish that Petitioner's conviction violated federal law, *id.* at 16-27. The magistrate judge therefore recommends the court deny the petition. He further recommends Petitioner's motion for injunctive relief brought under 42 U.S.C. § 1983 be denied for failure to state a claim on which relief can be granted. *Id.* at 27-30.

Petitioner filed a handwritten "motion in opposition" consisting of argument, an attached list of case citations, and annotations on the first six pages of the Report and Recommendation. He makes several arguments: The case law he provides "proves both an ineffectual non-voluntary plea, and that the version of title 13 V.S.A. § 3252(b) in the year 1996 the time of alleged crime is a statute that is unconstitutional as written and as applied . . . making the State's claimed plea on that repealed statute an invalid conviction." (Doc. 50 at 1.) The plea was involuntary because he said "I do not understand" when asked in court. *Id.* The sentence length is unconstitutional. And tolling applies because he sent a DNA test to this court establishing "actual innocence." *Id.*; *see also id.* at 4 (noting that he "did not impregnate [his] daughter but even if [he] had 'procreation' is a . . . fundamental right").

Petitioner also includes "affidavits" throughout the filing. He avers:

- "the transcript of Feb 5 1999 . . . is a complete lie, twisting words and . . . leaving parts out" (Doc. 50 at 1);

2

- "I did not plea to [13 V.S.A. §] 3252(b)(2) and said in the transcript I do not understand," *id.* at 2;
- "I . . . swallowed a full bottle of pills and was not body free of drugs," *id.* at 4;
- "In open court I . . . rejected the written plea forever," *id.* at 5;
- "I did not reverse my decision to reject the plea forever I was only in court because I was promised all charges . . . were to be dismissed," *id.*;
- "I swear I had no change of heart," *id.*;
- "Less than 18 hours prior I had attempted suicide swallowing a full bottle of Percocet and the State had no formal competency hearing to evaluate [my] ability to plea," *id.*;
- "I swear I did not plead guilty . . . . but I feeling guilty for all the trauma the State caused to destroy my marriage and family is not the same thing. What the State promised was to dismiss all charges not to bring back the plea I had already rejected . . . ," *id.*;
- "In the transcript which is completely differently written and not what was said in court, I preserved all my constitutional rights, I did not give them up as transcript now says and when asked if I understand, I said no I do not understand," *id.*;

After careful review of the file, the magistrate judge's thorough Report and Recommendation, and the objections, this court ADOPTS Magistrate Judge Conroy's recommendations in full for the reasons stated in the Report (Doc. 48). The magistrate judge carefully considered each claim and his recommendations that the motions be denied are supported by case law, consistent with the limited procedures which apply to habeas petitions, and undisturbed by Petitioner's objections. Accordingly, Petitioner's § 2254 petition seeking to vacate his conviction (Doc. 5) is DENIED because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner's letter request for a "transport order," construed as a motion for injunctive relief (Doc. 40), is also DENIED.

In light of the court's denial of the Petition, and the court's August 15, 2018 statement that remedies such as preliminary injunctions have no application in the context of a § 2254 proceeding, *see* Doc. 45 at 1-2, the February 13, 2019 Motion for Preliminary Injunction

3

(Doc. 57) and the February 27, 2019 Motion for Summary Judgment (Doc. 60) are DENIED AS MOOT. This case is DISMISSED.

The court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (allowing for a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right").

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 26th day of March, 2019.

/s/ Geoffrey W. Crawford
Chief Judge, U.S. District Court